[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14985
Non-Argument Calendar
_____

Docket No. 1:12-cr-20306-JLK-1


UNITED STATES OF AMERICA,

                                                                Plaintiff-Appellee,

versus

KEVIN LEON THOMPSON,

                                                                Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 7, 2013)


Before TJOFLAT, PRYOR, and EDMONDSON, Circuit Judges.


PER CURIAM:

        Kevin Thompson appeals his conviction and 37-month sentence for being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  No

reversible error has been shown; we affirm.

On appeal, Thompson argues that his conviction must be vacated because section 922(g)(1) is unconstitutional both on its face and as applied to him. Because Thompson raises this issue for the first time on appeal, we review it only for plain error. See United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005).

We reject Thompson's facial challenge to the constitutionality of section 922(g)(1) as foreclosed by our precedent. See, e.g., United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010) (concluding that section 922(g)(1) "is not an unconstitutional exercise of Congress's power under the Commerce Clause"). We also reject Thompson's argument that section 922(g)(1) is unconstitutional as applied to him because -- as Thompson has stipulated -- the gun that Thompson possessed in Florida was manufactured outside of Florida and, thus, had traveled in interstate commerce. See id. at 715-16 (noting that section 922(g) "only requires that the government prove some 'minimal nexus' to interstate commerce, which it may accomplish by 'demonstrat[ing] that the firearm possessed traveled in interstate commerce.'"). Thompson has failed to demonstrate error, plain or otherwise.

Next, Thompson argues that his sentence is substantively unreasonable because it is greater than necessary to comply with the statutory sentencing goals under 18 U.S.C. § 3553(a). At sentencing, Thompson sought a downward variance, arguing that he possessed a gun because he lived in an area with a lot of

2

violent crime and because he was concerned about his daughters' safety.  The district court denied the request and sentenced Thompson to 37 months' imprisonment.

We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 128 S.Ct. 586, 597 (2007).  The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[*]

Thompson's sentence -- which was at the low end of the applicable guidelines range of 37 to 46 months -- was substantively reasonable.  See id. (noting that ordinarily we would expect a sentence within the Guidelines range to be reasonable).  The sentence was also well below the statutory maximum of 10-years imprisonment.  See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum).

---

[*] Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a)(1)-(7).

Thompson argues that the district court should have given more weight to one section 3553(a) factor: his history and characteristics.  But, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."  United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008).  On this record, we cannot say that Thompson's sentence failed to reflect the purposes of sentencing or that the district court clearly erred in weighing the section 3553(a) factors: no abuse of discretion.

AFFIRMED.